UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> WASH. STATE DEP'T OF CORR., *et al.*, <br><br> Defendants. | CASE NO. **2:22-cv-00502-LK-JRC** <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: May 6, 2022 |

Plaintiff John Demos, Jr., a state prisoner, has filed a proposed complaint under 42 U.S.C. § 1983 and a proposed motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1; Dkt. 1-1. As discussed below, the proposed complaint should be dismissed and the proposed IFP motion should be denied as moot.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Under a bar order, this Court will

not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [plaintiff] can and will produce evidence to support his claims." *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"].

Here, plaintiff alleges that defendants accepted "monetary fee[s]" in such a way as to violate his federal rights. *See* Dkt. 1-1 at 3. However, plaintiff did not submit the separate affidavit that the 1992 Bar Order requires. Thus, the proposed complaint should be dismissed.

Accordingly, it is **RECOMMENDED** that plaintiff's proposed complaint (Dkt. 1-1) be **DISMISSED WITHOUT PREJUDICE,** that plaintiff's IFP motion (Dkt. 1) be **DENIED AS MOOT**, and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 6, 2022** as noted in the caption.

Dated this 21st day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge